IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| WILLIAM M. WALLS, | : | |
|---|---|---|
| JAMES J. OAKES, and | : | No. 40:20-cv-00782 MWB |
| FRANCIS X. OAKES, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| REPSOL OIL AND GAS USA, LLC, | : | |
| | : | |
| Defendant. | : | |

**REPLY BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Defendant Repsol Oil & Gas USA, LLC, erroneously listed as "Repsol Oil and Gas USA, LLC" ("Repsol"), hereby files the following Reply Brief in Support of its Motion to Dismiss.

**I. The Lease Does Not Require That the Pipeline be "Necessary, Incident, to, or Convenient for the Operation" of the Property or Neighboring Lands.**

Plaintiffs argue that the "necessary, incident to, or convenient" requirement must apply to both the express rights conveyed in the Lease (*e.g.* pipelines, roads, powerlines) and the non-expressed "other rights." Plaintiffs' Memorandum at pp. 12-13. Plaintiffs do not address the fact that such an interpretation would render the Lease's express grant of certain rights meaningless. If the parties intended the "necessary, incident to or convenient" restriction to apply to both the express rights and "other rights," there would have been no need to identify the express rights. The

Lease would have simply granted Repsol "all rights and privileges necessary, incident to or convenient for the operation of this land alone and cojointly with neighboring lands."

Plaintiffs argue that the "necessary, incident to or convenient" restriction must apply because otherwise Repsol would have "completely unlimited pipeline" rights. *Id.* at p. 13. That is simply not true. Repsol's rights under the Lease (including operating the pipeline) are contingent on the Lease remaining in effect through production or otherwise (*e.g.* delay rental payments to Plaintiffs). Accordingly, this Court should dismiss Plaintiffs' Complaint with prejudice.

> II. **There is Nothing in the Lease that Requires the Pipeline to Transport Natural Gas Produced <u>Solely</u> from the Chicken Hawk Unit.**

Even assuming *arguendo* that the pipeline must be "necessary, incident to or convenient for the operation of this land alone and cojointly with neighboring lands," there is no requirement that the pipeline transport gas **solely** produced from the Chicken Hawk Unit. *See* Lease attached to Brief in Support as Exhibit A at p. 1. Nowhere in the granting clause does it reference any requirement that pipeline transport gas **solely** from **unitized** property. Plaintiffs are asking this Court to rewrite the Lease to replace "neighboring lands" with "unitized lands" and add the word "solely."

In their Memorandum in Opposition, Plaintiffs ignore the Lease's use of "convenient" to argue that the pipeline must transport gas **solely** from the Chicken Hawk Unit. Plaintiffs offer no explanation on how a pipeline capable of transporting natural gas from a well on their property (and the Chicken Hawn Unit) would not be "convenient" for development of Plaintiffs' property irrespective of whether it also transports natural gas from other properties.

Instead, Plaintiffs focus their attention on attempting to distinguish the facts of this case from those in the Superior Court's *Felmont* decision. However, Plaintiffs focus on nongermane aspects of that case, which were not the basis of the Superior Court's decision. First, Plaintiffs argue that this case does not involve a spacing order from the Commission of Pennsylvania Oil and Gas Conservation. Plaintiffs' Memorandum at p. 18. The Superior Court specifically rejected the trial court's reliance on the spacing order to interpret the meaning of the oil and gas lease agreement. *Felmont Oil Corp v. Cavanaugh,*, 446 A.2d 1280, 1282 (Pa. Super. Ct. 1982) ("The unitization of the Pineton Field by the Pennsylvania Commission ***does not change the meaning of 'neighboring lands' under the lease.***") (emphasis added).

Second, Plaintiffs claim that *Felmont* "*involved* a pipeline that would carry gas" from a well on the plaintiffs' property. Plaintiffs' Memorandum at pp. 18-19 (emphasis added). While it is true *Felmont* "involved" (*i.e.* referenced) such a

3

pipeline, that was not the pipeline at issue. The issue was whether the lessee had the right to construct a new "pipeline across a portion of [plaintiffs'] property to transport gas produced from wells located in Drilling Unit No. 16 and 26 [*i.e.* units that did not include plaintiffs' property]." *Felmont* 446 A.2d at 1282. Third, the Superior Court specifically rejected the plaintiffs' attempt to rely on the unitization clause of the lease to interpret "neighboring lands" to mean unitized property. *Id.* at 1284 ("There is no reference in paragraph four of the lease regarding 'neighboring lands.' This paragraph merely provides that unitization will change the method by which royalties are calculated."). Here, as in *Felmont*, the granting clause used the phrase "neighboring" property and not unitized property.

Finally, Plaintiffs claim that Paragraph 11 of the Lease supports their argument that the pipeline can be used to transport natural gas solely from the Chicken Hawk Unit. Plaintiffs' Memorandum at p. 21. Paragraph 11 states that "Lessee shall upon **completion of the first productive well upon said premises make a diligent effort to obtain a pipeline connection**[.]" *Id.* (emphasis from Plaintiffs' Memorandum). Nowhere in that Paragraph does it require that Repsol connect to a pipeline on the property that transports natural gas **solely** from the Chicken Hawk Unit. Accordingly, this Court should dismiss Plaintiffs' Complaint with prejudice.

4

### III. Conclusion

For the reasons set forth in Defendant's Brief in Support of its Motion to Dismiss and above, this Court should dismiss Plaintiffs' Complaint with prejudice.

Date: July 2, 2020

Respectfully submitted,

Babst, Calland, Clements and Zomnir, P.C.

*/s/ Joshua S. Snyder*
Mark K. Dausch, Esquire
(to be admitted pro hac vice)
Pa I.D. No. 205621
mdausch@babstcalland.com
Joshua S. Snyder, Esquire
Pa I.D. No. 315845
jsnyder@babstcalland.com
Two Gateway Center, 6th Floor
Pittsburgh, Pennsylvania 15222
Phone: (412) 394-5400
Fax: (412) 394-6576

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2020, a true and correct copy of the foregoing Reply Brief in Support of Motion to Dismiss was served via the Court's electronic filing system to all registered users, including:

Douglas A. Clark, Esq.
The Clark Law Firm, PC
1563 Main Street
Peckville, Pennsylvania 18452

*Counsel for Plaintiffs*

*/s/ Joshua S. Snyder*